# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAMPBELL-EWALD COMPANY, a Delaware corporation,<br><br>　　　　　　　　　Defendant. | Case No. CV 10-2007-DMG (CWx)<br><br>**ORDER TO SHOW CAUSE** |

On March 19, 2010, Plaintiff filed a class action Complaint in this Court alleging a single cause of action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). On May 19, 2010, Defendant filed a Motion to Dismiss. Plaintiff filed an Opposition on June 21, 2010. Defendant filed a Reply on July 12, 2010. The Motion is currently set for hearing on August 30, 2010.

The Court, however, has serious questions about whether this case should remain in federal court. Section 227(b)(3) of the TCPA provides as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

47 U.S.C. § 227(b)(3). The Ninth Circuit has held that pursuant to section 227(b)(3), "state courts have exclusive jurisdiction over a cause of action created by . . . the Telephone Consumer Protection Act of 1991." *Murphey v. Lanier*, 204 F.3d 911, 915 (9th Cir. 2000) (joining the Second, Third, Fourth, Fifth, and Eleventh Circuits in "the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by a federal statute" (internal quotations omitted)). It is axiomatic that if this Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Accordingly, Plaintiff is hereby ordered to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file his response to this Order to Show Cause ("OSC") by September 3, 2010. Defendant may file a response, if any, by September 10, 2010. The August 30, 2010 hearing on Defendant's Motion to Dismiss is vacated pending the Court's ruling on the OSC and shall be re-set by the Court if needed.

IT IS SO ORDERED.

DATED: August 26, 2010

_____
DOLLY M. GEE
United States District Judge