Sean Reis (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124
Fax: (949) 459-2123

*ATTORNEYS FOR PLAINTIFF*
[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE GOMEZ, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CAMPBELL-EWALD COMPANY, a Delaware corporation,<br><br>*Defendant*. | Case No. CV 10-2007-DMG (CWx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S REQUEST PURSUANT TO FED.R.CIV.P. 56(d) TO CONTINUE OR DEFER RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. Dolly M. Gee |

Pl's Rule 56(d) Request                                    Case No. CV 10-2007-DMG (CWx)

On October 18, 2011, Defendant Campbell-Ewald Company filed its second Motion for Summary Judgment in this matter. (Dkt. 116.) Plaintiff Jose Gomez hereby respectfully requests that briefing and ruling on Defendant's Motion for Summary Judgment be continued or deferred because Plaintiff requires additional discovery in order to fully and appropriately respond to Defendant's Motion.

## Introduction

In its Motion for Summary Judgment, Defendant asserts that it is entitled to judgment as a matter of law and presents a Separate Statement of Uncontroverted Facts that form the basis for its legal arguments. (Dkt. 117.) Such factual assertions – including the relationship between Defendant and the Navy, the Navy's recruiting goals, Defendant's presentations to and communications with the Navy, and the Navy's supposed understanding and approval of the text message campaign at issue in this litigation – are at the heart of Defendant's legal theories relating to derivative sovereign immunity, whether Defendant "made" or "initiated" the text call to Plaintiff, and whether Defendant was acting as the agent of the Navy and within the scope of that agency.

Plaintiff has not had a reasonable opportunity to engage in merits discovery that would sufficiently enable him to determine whether the facts asserted by Defendant are actually in dispute here and, consequently, Plaintiff cannot fully respond to the Motion for Summary Judgment. Although Plaintiff contends that what little discovery has occurred already shows that summary judgment should be denied, additional discovery is still needed and warranted, and will further clarify the right of Plaintiff to a determination of this suit by a jury.

## Argument

**I.   Defendant's Motion should be continued, or judgment deferred, because Plaintiff has not had the opportunity to depose Defendant's Declarants or otherwise engage in sufficient merits discovery.**

Rule 56(d) of the Federal Rules of Civil Procedure states as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nomovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Under Rule 56(d), a party may file a declaration explaining its need for further discovery prior to responding to a motion for summary judgment. "[A]n opposing party must make clear what information is sought and how it would preclude summary judgment." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). The Ninth Circuit has stated that Rule 56(d) should be liberally applied when discovery is necessary for the non-moving party to fully and adequately respond to a motion for summary judgment. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("[T]he Supreme Court has restated [Rule 56(d)] as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Before a court can enter summary judgment against a party, that party "must be afforded both notice that the motion is pending and an adequate opportunity to respond." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). The "opportunity to respond" includes a "requirement that sufficient time be afforded for discovery necessary to develop "facts essential to justify (a party's) opposition" to the motion. *Id*. (collecting authorities); *see also Aristocrat Technologies, Inc. v. Young*, No. 2:09-cv-00348-

PMP-LAR, 2010 WL 2681434, at *5 (D. Nev. Jul. 1, 2010) (denying summary judgment in light of plaintiff's request for additional discovery, finding the burden under Rule 56(d) to be "rather minimal" and that "further discovery is warranted to determine the truth of the parties' contentions.")

    In the instant case, while Plaintiff has sought class discovery for an extended period of time, Plaintiff has not had an opportunity to engage in merits discovery sufficient to fully respond to Defendant's Motion for Summary Judgment.  The basis for Plaintiff's assertion that he requires additional discovery in order to fully respond to the Motion is set forth in detail in the Declaration of Michael J. McMorrow ("McMorrow Decl.") attached hereto as Exhibit A.  As explained therein, by the time the Parties engaged in a 26(f) conference on January 14, 2011, Defendant had indicated its intent on filing a second Motion to Dismiss premised on a "mootness" theory following the issuance of its Rule 68 pickoff letter on January 5, 2011.  As a result, on January 19, 2011, Plaintiff filed his Motion for Class Certification despite not having the benefit of any discovery (Dkt. 33), and on March 11, 2011, Defendant filed its second Motion to Dismiss.  (Dkt. 47.)  The Parties subsequently briefed Defendant's second Motion to Dismiss and Plaintiff's Motion for Class Certification and appeared before the Court for hearing on both motions on April 6, 2011.

    On April 8, 2011, the Court converted Defendant's second Motion to Dismiss into a Motion for Summary Judgment and denied the Motion.  (Dkt. 67.)  In its April 8, 2011 Order, the Court deferred ruling on Plaintiff's Motion for Class Certification and ordered the Parties to engage in class certification discovery.  (Dkt. 67.)  Plaintiff attempted to proceed with class certification discovery, but despite this Court's Order, Defendant refused to provide such discovery, which led to a Motion to Compel filed by Plaintiff and a Motion for Protective Order filed by

Defendant.[1]  Magistrate Woehrle granted Plaintiff's Motion to Compel on August 16, 2011.  (Dkt. 105.)  On October 18, 2011, without leave of Court, Defendant filed its second Motion for Summary Judgment, based mainly on the declarations of Daniel Rioux and Lee Buchschacher, neither of whom Plaintiff has had any opportunity to depose.  Many of the facts contained in Defendant's Separate Statement of Uncontroverted Facts, and many of the facts purportedly supporting the legal conclusions offered by Defendant, are premised on the testimony of these same Declarants.  (McMorrow Decl., ¶¶ 14, 18.)  Accordingly, Plaintiff respectfully requests that this Court continue or otherwise defer consideration of Defendant's Motion for Summary Judgment and allow time to take further discovery needed to fully respond to the factual matters raised therein, including the depositions of these witnesses.

**II.     Plaintiff can identify specific information needed to adequately respond to Defendant's Motion for Summary Judgment.**

As set forth in the McMorrow Declaration attached hereto, there are two primary reasons why Plaintiff requires additional discovery in order to respond to the factual and legal matters raised in Defendant's Motion for Summary Judgment.  First, the legal arguments raised by Defendant in favor of summary judgment are premised on specific factual assertions, the truth of which is necessary for a determination of Defendant's Motion for Summary Judgment.  For example, in support of its common law agency argument, Defendant asserts that it was acting at all relevant times as the Navy's agent and that the Navy "authorized, approved, and

---

[1]  Prior to filing its Motion for Protective Order, Defendant filed an *ex parte* application to stay any response by third parties to Subpoenas issued by Plaintiff in this case (Dkt. 73), one of which was issued to the Navy.  Magistrate Woehrle granted that *ex parte* application on June 23, 2011, ordering that "Plaintiff Jose Gomez and his counsel are hereby ordered to suspend the return dates on all third-party subpoenas until further order of this Court."  (Dkt. 75.)  Because of that Order, which remains in effect, Plaintiff has been unable to take discovery from the Navy. (McMorrow Decl., ¶ 10.)

ratified the text message campaign." (Def. Mot. at 14-16.) The establishment of an agency relationship – as well as the scope of such relationship and the information provided and documents approved pursuant to such relationship – is a factual issue that must be determined prior to determining the legal effect of such a relationship. *See In re Marvin Properties, Inc.*, 854 F.2d 1183, 1187 (9th Cir. 1988). The "evidence" offered by Defendant in support of its agency assertions are conclusory statements from the Declarations of Lee Buchschacher and Daniel Rioux. (Def. Mot. at 14-16.) Consequently, discovery – including a deposition of both Mr. Buchschacher and Mr. Rioux – is necessary in order to verify the basis and veracity of Defendant's conclusory assertions. (McMorrow Decl., ¶¶ 14, 18-24.) Plaintiff is confident that limited additional written and oral discovery, including depositions of Defendant's Declarants and third parties, will preclude summary judgment by demonstrating that the Navy did not authorize and approve the transmission of unauthorized text messages. (McMorrow Decl., ¶ 21.)

Second, many of the factual assertions set forth in the Motion, including those specifically set forth in the Separate Statement of Uncontroverted Facts, are purportedly supported by evidence, including Declarations and documents, that Plaintiff has not had the opportunity to analyze or test in the discovery process. Plaintiff has not yet had the opportunity to depose Messrs. Buchschacher and Rioux and to ask them questions, for example, about the Navy Recruiting Command ("NRC") and the processes of contracting and for approval of advertising methods and messages. (McMorrow Decl., ¶¶ 14, 18, 20-24.)

In his Declaration, Mr. Buschschacher states that he and Cornell Galloway "worked closely with [Defendant] on the Navy's May 2006 text message recruiting campaign, and provided Navy oversight and approval." (Dkt. 121, ¶ 11.) Because these assertions are set forth by Defendant as material facts, Plaintiff needs to depose Messrs. Buchschacher and Rioux, among others, to explore their knowledge

of the text message campaign, and to test the veracity of their statements. (McMorrow Decl., ¶¶ 18-22.)

As set forth more fully in the McMorrow Declaration, Plaintiff seeks limited merits discovery that will be specifically targeted to responding to the Motion for Summary Judgment. Such discovery would include the depositions of Messrs. Buchschacher and Rioux, the issuance of certain targeted documents requests and/or requests for admission, and limited third-party discovery including discovery directed to the Navy itself. (McMorrow Decl., ¶ 23.) Such discovery will likely preclude summary judgment because it will demonstrate that Campbell-Ewald was neither the Navy's "agent" nor acting within the scope of that agency when it sent the text message spam at issue in this case. (McMorrow Decl., ¶¶ 21, 23.)

Plaintiff has had no opportunity to take discovery of the Defendant's witnesses, and has had no meaningful opportunity to take any merits discovery in this case, including third-party discovery, due to the Defendant's endless motion practice and stonewalling. As a result, the opportunity to examine these witnesses and their statements, along with an opportunity to take limited discovery from third-parties including the Navy, is imperative.

## Conclusion

Although Plaintiff is confident that the documents and information in the record already demonstrate that Defendant is not entitled to summary judgment here, Defendant's Motion for Summary Judgment should be continued, or at least ruling deferred, until Plaintiff is able to engage in additional merits discovery necessary to fully respond to the Motion for Summary Judgment. Plaintiff does not seek this discovery for purposes of delay or harassment, and Plaintiff seeks only limited, specific discovery targeted to those individuals and those facts necessary to fully respond to Defendant's Motion. (McMorrow Decl., ¶¶ 25-26.)

WHEREFORE, Plaintiff Jose Gomez respectfully requests that this Honorable Court enter an Order (i) continuing or deferring ruling on Defendant Campbell-Ewald's Motion for Summary Judgment so that Plaintiff may engage in the discovery necessary to fully and sufficiently respond to Defendant's Motion for Summary Judgment, and (ii) for such other and further relief as the Court may deem appropriate.

Dated: November 7, 2011               Respectfully Submitted,

                                      JOSE GOMEZ, individually and on behalf of a class of similarly situated individuals,

                                       /s/ Sean P. Reis

Sean Reis
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Tel: (949) 459-2124

Michael J. McMorrow (admitted *pro hac vice)*
mjmcmorrow@edelson.com
Ryan Andrews (admitted *pro hac vice*)
randrews@edelson.com
Rafey Balabanian (admitted *pro hac vice)*
rbalabnian@edelson.com
Evan M. Meyers (admitted *pro hac vice*)
emeyers@edelson.com
Steven Teppler (admitted *pro hac vice*)
steppler@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I, Sean Reis, an attorney, certify that on November 7, 2011, I served the above and foregoing ***Plaintiff's Request Pursuant to Fed.R.Civ.P. 56(d) to Continue or Defer Ruling on Defendant' Motion for Summary Judgment*** by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

          /s/ Sean Reis