David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299

*Attorneys for Plaintiff*
(*Additional counsel on signature page*)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CAMPBELL-EWALD COMPANY, a Delaware corporation,<br><br>*Defendant*. | Case No. CV 10-2007-DMG (CWx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S COMBINED RESPONSE TO CAMPBELL-EWALD'S MOTION TO DISMISS OR FOR ENTRY OF JUDGMENT FOR PLAINTIFF AND TO CAMPBELL-EWALD'S MOTION FOR LEAVE TO DEPOSIT FUNDS WITH THE COURT**<br><br>Date: May 20, 2016<br>Time: 9:30 a.m.<br>Ctrm: 7 (Spring St.) |

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave          i          Case No. 10-cv-2007-DMG
to Deposit Funds with the Court

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................... 1

II.  ARGUMENT ............................................................................................. 2

    A.   *Chen* Disposes Of Campbell–Ewald's Arguments ........................... 2

    B.   **Even Apart From *Chen*, Campbell–Ewald's Actions Neither Moot This Case Nor Permit A Forced Entry Of Judgment** ........... 4

    C.   **Campbell-Ewald's Efforts To Distinguish A "Tender" Of Complete Relief From A Mere "Offer" Are Unavailing** ............... 10

III. CONCLUSION ....................................................................................... 13

Pl's Combined Response to Campbell–Ewald's   Case No. 10-cv-2007-DMG
Motion to Dismiss and Motion for Leave                    ii
to Deposit Funds with the Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**United States Supreme Court Cases:**

*Am. Pipe & Const. Co. v. Utah*,
   414 U.S. 538 (1974)..................................................................................5–6

*Campbell–Ewald v. Gomez*,
   136 S. Ct. 663 (2016).............................................................................*passim*

*Colby v. Reed*,
   99 U. S. 560 (1879)......................................................................................11

*Crown, Cork & Seal Co., Inc. v. Parker*,
   462 U.S. 345 (1983)......................................................................................5

*Deposit Guar. Nat'l Bank v. Roper*,
   445 U.S. 326 (1980)..........................................................................4–5, 6, 7

*Genesis Healthcare Corp. v. Symczyk*,
   133 S. Ct. 1523 (2013).............................................................................3–4, 5, 7

*Iron Arrow Honor Soc'y v. Heckler*,
   464 U.S. 67 (1983).........................................................................................8

*Sosna v. Iowa*,
   419 U.S. 393 (1975).......................................................................................3

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998).........................................................................................8

**United States Circuit Court of Appeals Cases:**

*Ah Quin v. County of Kauai DOT*,
   733 F.3d 267 (9th Cir. 2013).........................................................................8

*Cf. EEOC v. AutoZone, Inc.*,
   707 F.3d 824 (7th Cir. 2013).........................................................................4

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

iii

Case No. 10-cv-2007-DMG

*Chapman v. First Index, Inc.*,
    796 F.3d 783 (7th Cir. 2015) ................................................................................ 8

*Chen v. Allstate*,
    --- F.3d ---, 2016 WL 1425869 (9th Cir. 2016) ......................................... 1, 2, 3, 4

*Church of Scientology v. United States*,
    485 F.2d 313 (9th Cir. 1973) ................................................................................ 12

*Espenscheid v. DirectSat USA, LLC*,
    688 F.3d 872 (7th Cir. 2012) ................................................................................ 7

*Lucero v. Bureau of Collection Recovery, Inc.*,
    639 F.3d 1239 (10th Cir. 2011) ............................................................................ 6

*Pitts v. Terrible Herbst, Inc.*,
    653 F.3d 1081 (9th Cir. 2011) .............................................................................. 3

*Smith v. Greystone Alliance, LLC*,
    772 F.3d 448 (7th Cir. 2014) ................................................................................ 4

*Tanasi v. New All. Bank*,
    786 F.3d 195 (2d Cir. 2015) ................................................................................. 5

*The LTV Corp. v. Gulf States Steel, Inc.*,
    969 F.2d 1050 (D.C. Cir. 1992) ........................................................................... 10

*United States v. Amwest Sur. Ins. Co.*,
    54 F.3d 601 (9th Cir. 1995) .................................................................................. 9

*United States v. Tully*,
    288 F.3d 982 (7th Cir. 2002) ................................................................................ 10

**United States District Court Cases:**

*Bendix Aviation Corp. v. Glass*,
    81 F. Supp. 645 (E.D. Pa. 1948) .......................................................................... 12

*Charvat v. Nat'l Holdings Corp.*,
    No. 2:14-cv-2205, 2015 WL 3407657 (S.D. Ohio 2015) ..................................... 5

*Dinkins v. General Aniline & Film Corp.*,
    214 F. Supp. 281 (S.D.N.Y. 1963) ....................................................................... 11

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

iv

Case No. 10-cv-2007-DMG

*First Federal Sav. & Loan Asso. v. United States*,
   288 F. Supp. 477 (W.D. Mo. 1968) ............................................................... 11–12

*Harel v. Bank of Am., N.A.*,
   2015 U.S. Dist. LEXIS 154720 (C.D. Cal. 2015) ................................................. 8

*Mamola v. JP Morgan Chase Bank, N.A.*,
   2015 U.S. Dist. LEXIS 152600 (E.D. Cal. 2015) ................................................. 8

*McGlasson v. Long Term Disability Coverage*,
   2016 U.S. Dist. LEXIS 17718 (D. Ariz. 2016) .................................................... 8

*Progressive Casualty Ins. Co. v. Drive Trademarks Holdings LP*,
   680 F. Supp.2d 639 (D. Del. 2010) .................................................................... 10

**State Appellate Court Cases:**

*Elderkin v. Fellows*,
   60 Wis. 339, 19 N. W. 101 (1884) ..................................................................... 11

*Raiford v. Governor*,
   29 Ala. 382 (1856) ............................................................................................. 12

**Statutes and Court Rules:**

Fed. R. Civ. P. 12 ..................................................................................................... 8

Fed. R. Civ. P. 23 ..................................................................................................... 7

Fed. R. Civ. P. 67 ..................................................................................................... 9

**Miscellaneous:**

A. Hunt, A Treatise on the Law of Tender, and Bringing Money
Into Court, §511 (1903) ......................................................................................... 12

M. Bacon, A New Abridgment of the Law (1856) ................................................. 11

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

v

Case No. 10-cv-2007-DMG

## I. INTRODUCTION

Campbell-Ewald's endless quest to deny Mr. Gomez his day in court has reached a new level of absurdity. Campbell-Ewald responded to the Supreme Court's rejection of its "mootness by unaccepted offer of complete relief" theory by immediately moving to dismiss this case again, this time claiming cynically that its purported "tender" of the funds changes the result. The Ninth Circuit has already rejected this theory, needing less than three weeks between argument and decision in *Chen v. Allstate*, --- F.3d ---, 2016 WL 1425869 (9th Cir., Apr. 12, 2016). *Chen* forecloses Campbell-Ewald's Motion to Dismiss – its sixth dispositive motion in this case – as well as its related Motion for Leave to Deposit Funds with the Court (together, the "Motions"), yet Campbell-Ewald persists in wasting the time and resources of this Court and the parties anyway.

Even if *Chen* had not been decided, Campbell-Ewald's Motions would fail anyway, for several reasons. First, Campbell-Ewald's purported "tender" does not give Gomez all that he demanded in this suit; Gomez demanded certification of, and relief for, the class, as well as injunctive relief and attorneys' fees, none of which Campbell-Ewald has agreed to provide. Second, Campbell-Ewald's purported "tender" has not been accepted, rendering it nugatory. Third, even if Campbell-Ewald's purported tender could render Gomez's individual claim moot, both Ninth Circuit and Supreme Court precedent require that Gomez have a fair opportunity to obtain a ruling on his class claims. Finally, Campbell-Ewald cites to no valid authority that would allow the sort of post-suit tender it is attempting here. Each of these factors, as well as the *Chen* decision, defeats Campbell-Ewald's latest attempt to avoid reaching the class certification stage of this suit. This Court should deny the Motions and proceed to the discovery and briefing phases of class certification.

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

1

Case No. 10-cv-2007-DMG

## II. ARGUMENT

### A. *Chen* Disposes Of Campbell–Ewald's Arguments

Campbell–Ewald claims that it has "mooted" this case in two different ways. First, Campbell–Ewald asks this Court to accept a deposit of $10,000—money that this Court will presumably remit to Mr. Gomez if it grants Campbell–Ewald's Motions and terminates the litigation. *Chen* specifically holds that this maneuver cannot "moot" Mr. Gomez's individual claims. A plaintiff must "*actually receive[]* complete relief" before a claim can become moot; a mere "offer[]" or "tender[]" of complete relief is insufficient. *Chen*, 2016 WL 1425869, *1; *see also id.* ("[A] claim becomes moot when a plaintiff *actually receives* complete relief on that claim, not merely when that relief is offered or tendered. Where, as here . . . funds have been deposited in an escrow account, relief has been offered, but it has not been received.") A plaintiff does not "actually receive" relief when the defendant asks a court to accept a deposit of money.

Campbell–Ewald also claims that it has "mooted" this case by mailing a certified check in the amount of $10,000 to Gomez's attorneys. Such check has not been accepted or negotiated by Gomez, so he has not "actually receive[d]" relief on his individual claims. *See Chen*, 2016 WL 1425869, *1. But even if this Court were to conclude that Gomez *has* received relief on his individual claims, that *still* would not moot this case. *Chen* holds that a plaintiff who brings both individual and class claims against a defendant may continue to seek class certification and class-wide relief—even after he receives complete relief on his individual claims. *See Chen*, 2016 WL 1425869, *1. Indeed, *Chen* specifically warned district courts *not* to enter judgment after a class representative receives complete relief on his individual claims, because that

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

2

Case No. 10-cv-2007-DMG

would improperly deprive the class representative of "a fair opportunity to show that certification is warranted." *Id.* (*quoting Sosna v. Iowa*, 419 U.S. 393, 399 (1975)).  The Court explained:

> Assuming arguendo a district court could enter a judgment according complete relief on a plaintiff's individual claims over the plaintiff's objections, thereby mooting those claims, *such action is not appropriate here*. . . . Because Pacleb has not yet had a fair opportunity to move for class certification, we will not direct the district court to enter judgment, over Pacleb's objections, on his individual claims.

*Chen*, 2016 WL 1425869, *1 (emphasis added); *see also id.* at *6 ("[E]ven if Allstate could moot the entire action by getting the district court to enter judgment in favor of Pacleb on his individual claims before he has had a fair opportunity to move for certification, we would decline Allstate's invitation to direct the district court to take that action.")

Finally, even if this Court were to defy the Ninth Circuit and enter judgment for Mr. Gomez on his individual claims in response to Campbell–Ewald's actions, that *still* would not moot his class claims.  *Chen* holds that even after a district court enters judgment awarding a class representative complete relief on his individual claims, the representative remains entitled to seek class certification and class relief.  *See Chen*, 2016 WL 1425869, *1 ("[E]ven if the district court entered judgment affording Pacleb complete relief on his individual claims for damages and injunctive relief, mooting those claims, Pacleb would still be able to seek class certification under *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)"); *id.* at *5–6.  *Chen* reiterated that this remains the law of the Circuit even after the Supreme Court's pronouncements in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

3

Case No. 10-cv-2007-DMG

(2013), and *Campbell–Ewald v. Gomez*, 136 S. Ct. 663 (2016). *See Chen*, 2016 WL 1425869, *1 & n.1.

### B. Even Apart From *Chen*, Campbell–Ewald's Actions Neither Moot This Case Nor Permit A Forced Entry Of Judgment

Even if *Chen* had never been decided, Campbell–Ewald's motion would still fail for multiple independent reasons. First, Campbell-Ewald's actions fail to meet Gomez's demands for relief. Neither the $10,000 check nor the $10,000 that it seeks to deposit with the Court includes the attorneys' fees that Mr. Gomez has demanded. "Complete relief" is defined by what the plaintiff demands, not by what the defendant thinks the plaintiff is entitled to recover. *See Smith v. Greystone Alliance, LLC*, 772 F.3d 448, 451 (7th Cir. 2014) ("[A] court must resolve the merits unless the defendant satisfies the plaintiff's demand. An offer that the defendant or the judge believes sufficient, but which does not satisfy the plaintiff's demand, does not justify dismissal.").[1]  Mr. Gomez also demanded an injunction against "all wireless spam activities." Yet Campbell–Ewald is willing to accept only a vague obey-the-law injunction that merely restates the TCPA's prohibitions. *Cf. EEOC v. AutoZone, Inc.*, 707 F.3d 824 (7th Cir. 2013) (obey-the-law injunctions not judicially enforceable).

Campbell-Ewald's offers fall short of "complete relief" for yet another reason: Mr. Gomez sued as a class representative and demanded class-wide relief. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 341 (1980)

---

[1] Campbell-Ewald suggests that Mr. Gomez's demand for attorneys' fees is "insufficient to create an Article III case or controversy." (MTD at 9.) Campbell-Ewald misses the point; the demand for attorneys' fees, like the demand for class-wide relief, is not what <u>creates</u> Article III jurisdiction. Article III jurisdiction attached when the suit was filed, and both of these are elements of the demand for relief. As *Smith* makes clear, Campbell-Ewald cannot end the case unilaterally unless it meets the demand for relief, which it has not.

(Rehnquist, J., concurring) (when a defendant offers a plaintiff seeking to proceed as a class representative individual relief only, "the defendant has not offered all that has been requested in the complaint (*i.e.*, relief for the class).") If Campbell-Ewald wants Mr. Gomez to abandon his effort to obtain class-wide relief in exchange for payment, then it must bargain for that consistent with principles of mutual assent. *See Genesis Healthcare*, 133 S. Ct. at 1536 (Kagan, J., dissenting); *see also Tanasi v. New All. Bank*, 786 F.3d 195, 200 (2d Cir. 2015) ("[T]he district court should not enter judgment against the defendant if it does not provide complete relief," including relief on the plaintiffs' class claims); *Charvat v. Nat'l Holdings Corp.*, No. 2:14-cv-2205, 2015 WL 3407657, *7 (S.D. Ohio May 26, 2015) ("Plaintiff's *demand* . . . includes the relief sought on behalf of the putative class—regardless of whether Plaintiff has a legal interest in representing the class before it is certified," and a settlement proposal that offers relief only on the plaintiff's individual claims "does not purport to satisfy that demand" and "does not mandate that the Court enter judgment in Plaintiff's favor over his objection.").[2]

---

[2] Campbell-Ewald argues that Mr. Gomez's demand for class certification and class relief cannot "keep this case alive" because the class "lacks any separate 'legal status' before certification" and "there is no cognizable interest in class relief before certification. (Mot. at 9-10.) None of the three cases cited by Campbell-Ewald stands for the proposition that "there is no cognizable interest in class relief before certification," however. Although two of those cases dismissed the non-certified class actions because the respective plaintiffs had already graduated from the schools (and no longer had claims), they created no rule equating the "legal status" of the class with a "cognizable interest" in the case. The Supreme Court has recognized the interests of absent class members upon filing of the complaint, holding that the "filing of a timely class action complaint commences the action for all members of the class as subsequently determined." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550 (1974). The Court found that commencement of the action "satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit." *Id*. at 551. In *Crown, Cork & Seal Co., Inc. v. Parker*, the Court reiterated that Rule 23 "both permits and encourages class members to rely on the named plaintiffs to press their claims," because the "class complaint 'notifies the defendants ... of the number and generic identities of the potential plaintiffs.'" 462 U.S. 345, 352-53 (1983). Justice Stevens' concurrence in

Second, the Supreme Court specifically disapproved Campbell–Ewald's maneuver in *Roper*, which rejected the idea that class-action defendants can perpetually evade class certification by offering "complete relief" to the representative plaintiff:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

445 U.S. at 339. Campbell-Ewald is trying to do exactly what *Roper* disapproved: decapitate the class by mooting out the representative's claims before the district court can rule on certification — and then repeat the cycle as soon as a new representative plaintiff emerges.

Campbell–Ewald never denies that the *Roper* opinion disapproves the "pick off" maneuvers that it has attempted to deploy throughout this litigation. Instead, Campbell–Ewald falsely claims that *Roper* is "inapposite" because *Genesis Healthcare* "expressly limited *Roper* to its facts." (MTD at 10.) Not so. *Genesis Healthcare* limited *Roper* to class actions under Rule 23, which the Court distinguished from the FLSA *collective* action at issue in *Genesis*

---

*Roper* also stated that "when a proper class-action complaint is filed, the absent members of the class should be considered parties to the case or controversy at least for the limited purpose of the court's Art. III jurisdiction," thus, "even if the named plaintiff's personal stake in the lawsuit is effectively eliminated, no question of mootness arises simply because the remaining adversary parties are unnamed." 445 U.S. at 343 (Stevens, J., concurring). More recently, the Tenth Circuit found that a "nascent interest attaches to the proposed class upon the filing of a class complaint such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011).

*Healthcare*. *See* 133 S. Ct. at 1529 ("[C]ases that [arise] in the context of [Rule] 23 class actions . . . are inapposite . . . because Rule 23 actions are fundamentally different from collective actions under the FLSA."); *see also id*. at 1527 n.1 ("[T]here are significant differences between certification under [Rule] 23 and the joinder process under § 216(b)."); *id*. at 1532 (distinguishing *Roper* by limiting it "to the unique significance of certification decisions in class-action proceedings"). *Genesis Healthcare* also distinguished *Roper* by noting that the plaintiff in *Roper* held "a continuing personal economic stake in the litigation, even after the defendants' offer of judgment," whereas the plaintiff in *Genesis Healthcare* "conceded that petitioners' offer 'provided complete relief on her individual claims,' " and "failed to assert any continuing economic interest in shifting attorney's fees and costs to others." *Id*. at 1532. There is no language *anywhere* in *Genesis Healthcare* that purports to limit *Roper* to the specific facts of that case, or implies that *Roper* can be ignored in any case that does not involve class-action lawsuits brought by credit-card holders against national banks.

      This is a class-action lawsuit brought under Rule 23. And Mr. Gomez, like the class representative in *Roper* and unlike the plaintiff in *Genesis Healthcare*, continues to assert two economic interests in the class-certification decision. First, certification will allow Mr. Gomez to share the lawyers' bill with other class members. *See Roper*, 445 U.S. at 333–34 & n.6. Second, certification will allow Mr. Gomez to seek an incentive award if the case settles. See *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874–75 (7th Cir. 2012). Campbell-Ewald never denies that Mr. Gomez holds these financial stakes in the class-certification decision. So this case is governed by *Roper*, not *Genesis*

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

7

Case No. 10-cv-2007-DMG

*Healthcare*, and *Roper*'s denunciation of Campbell–Ewald's "pick off" maneuvers cannot be fobbed off as something to be ignored.

Finally, Campbell–Ewald cannot maintain that this case is moot while simultaneously insisting that this Court may "enter[] judgment for Gomez in the amount Campbell Ewald paid him." Mootness deprives a district court of subject-matter jurisdiction,[3] and a district court that lacks subject-matter jurisdiction may not, under any circumstance, enter a judgment. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation and internal quotation mark omitted)); *Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) ("[A] district court cannot enter judgment in a moot case.") By admitting that this Court retains the prerogative to enter a judgment for Mr. Gomez in the specious amount of $10,000,[4] Campbell-Ewald has conceded that this case is not moot.

---

[3] *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.")

[4] Campbell-Ewald contends that while Gomez is entitled to retain $10,000 of any award in this case, his Chapter 7 bankruptcy petition warrants dismissal under judicial estoppel because his initial bankruptcy filing inadvertently omitted scheduling this case as an asset. (Mot. at 8, fn.2.) Not so. Judicial estoppel is an equitable doctrine invoked by a court to protect the integrity of the judicial process. *Ah Quin v. County of Kauai DOT*, 733 F.3d 267, 270 (9th Cir. 2013). Judicial estoppel is to "be applied 'when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Harel v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 154720, *7 (C.D. Cal. Nov. 12, 2015). *See also McGlasson v. Long Term Disability Coverage*, 2016 U.S. Dist. LEXIS 17718, *12 (D. Ariz. Feb. 11, 2016); *Mamola v. JP Morgan Chase Bank, N.A.*,

Perhaps Campbell-Ewald wants to leave open the possibility of judgment because it is absurd to think that a mere offer (or "tender") of complete relief requires a jurisdictional dismissal that sends the Plaintiff home empty-handed. But it is equally absurd to claim that a district court may enter judgment or an injunction after a case has become moot. Campbell–Ewald's mootness-by-tender-of-complete-relief theory is pinioned on the horns of this dilemma.

### C.   Campbell-Ewald's Efforts To Distinguish A "Tender" Of Complete Relief From A Mere "Offer" Are Unavailing

Campbell-Ewald Ewald thinks that a purported "tender" of complete relief can moot a class action when a mere "offer" of complete relief cannot. (MTD at 1, 3–4.) This distinction makes no sense and is unsupported by legal authority. Campbell-Ewald's argument suffers from two defects: first, it fails to offer a sufficient rationale for why it should be allowed to make a tender after six years of litigation; and second, it offers no rationale (other than what the Supreme Court already rejected in this case) why such a purported tender has any jurisdictional effect on these proceedings.

Nothing in Rule 67 suggests that a defendant can moot a case or alter the legal relations between the parties by depositing money into court. Fed. R. Civ.

---

2015 U.S. Dist. LEXIS 152600, *10-11 (E.D. Cal. Nov. 9, 2015). Here, Mr. Gomez voluntarily informed Campbell-Ewald and the Ninth Circuit of his mistaken bankruptcy filing over a year and a half ago and amended his bankruptcy schedules *sua sponte*. *See Gomez v. Campbell-Ewald Co.,* Case No. 13-55486, Dkt. 53, at 12 (9th Cir.). Campbell-Ewald thereafter took no action to challenge such amendment in the Ninth Circuit or in the bankruptcy court, electing instead to pursue resolution of its "mootness" argument in proceedings before the U.S. Supreme Court on the contradictory premise that Mr. Gomez remained entitled to be paid $1503 for his claim. As such, Campbell-Ewald has waived any judicial estoppel argument. *See United States v. Amwest Sur. Ins. Co.*, 54 F.3d 601, 602-03 (9th Cir. 1995) (waiver of rights will be found where there is "clear, decisive and unequivocal" conduct which indicates a purpose to waive the legal rights involved).

P. 67. The only authorities that Campbell–Ewald cites are the concurring and dissenting opinions from *Campbell–Ewald v. Gomez*, 136 S. Ct. 663, which are not law. The majority opinion—which is the law—refused to opine on that issue because it was not presented. *Id.* at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff"). Campbell–Ewald must therefore provide *reasons* and *authorities* to support its claim that a "tender" or "deposit" of complete relief on a plaintiff's individual claim can moot a class action. Its Motions provide neither, and we are not aware of any.

Certainly there is nothing in Rule 67—or the case law interpreting that rule—that suggests that depositing money with a court can moot or terminate a case. Indeed, there "is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff both of the benefits of his contract and of a right of action for its breach." *Dinkins v. General Aniline & Film Corp.*, 214 F. Supp. 281, 283 (S.D.N.Y. 1963). Instead, Rule 67 "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties." *United States v. Tully*, 288 F.3d 982, 987 (7th Cir. 2002) (quoting *The LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992)); *see also Progressive Casualty Ins. Co. v. Drive Trademarks Holdings LP*, 680 F. Supp.2d 639, 641 (D. Del. 2010) (denying motion for leave to deposit funds, and collecting authorities).

Nor does the common law of tenders offer any help to Campbell–Ewald. Justice Thomas' concurrence in *Campbell-Ewald v. Gomez* amply demonstrates

that a proposed tender like the one suggested by Campbell-Ewald cannot end a pending case nor render a case moot under common law. Justice Thomas stated: "an offer to pay less than what was demanded was not a valid tender" at common law. *See Campbell–Ewald*, 136 S. Ct. at 675 (Thomas, J., concurring) ("[A]n offer to pay less than what was demanded was not a valid tender" at common law) (citing *Elderkin v. Fellows*, 60 Wis. 339, 340-341, 19 N. W. 101, 102 (1884)). Twice, Justice Thomas cited the common-law requirement that a tender must be made *before* suit to be valid. He stated that at common law, "a prospective defendant needed to provide a "tender"—an offer to pay the entire claim *before* a suit was filed, accompanied by "actually produc[ing]" the sum. *Id.*, *citing* M. Bacon, A New Abridgment of the Law, 314–15, 321 (1856) (emphasis added); *see also id., citing Colby v. Reed*, 99 U. S. 560, 566, 25 L. Ed. 484 (1879) (at common law, generally no "right of tender after action brought"). Even where tender was made, Justice Thomas noted, a "plaintiff was entitled to 'deny that [the tender was] sufficient to satisfy his demand' and accordingly "go on to trial." *Id.,* citing *Raiford v. Governor*, 29 Ala. 382, 384 (1856) and A. Hunt, A Treatise on the Law of Tender, and Bringing Money Into Court, § 511, at 595 (1903).

Other authorities make similar points regarding the ability to, and results of, tender in a suit where the tender does not meet the demand, is rejected, or is made after the filing of suit. In *First Federal Sav. & Loan Asso. v. United States*, 288 F. Supp. 477 (W.D. Mo. 1968), the court rejected the notion that a rejected tender (like the one here) made after the filing of suit constituted "payment" or mooted the case. The *First Federal* court, after finding the purported tender insufficient, stated that even if it had been sufficient, "it would not have had the effect of payment due to the fact that, '. . . tender after suit

Pl's Combined Response to Campbell–Ewald's
Motion to Dismiss and Motion for Leave
to Deposit Funds with the Court

11

Case No. 10-cv-2007-DMG

brought . . . merely operates as a termination of liability for interest and costs accruing thereafter.'" 288 F. Supp. at 481, citing *Bendix Aviation Corp. v. Glass*, 81 F. Supp. 645 (E.D. Pa. 1948). The court further noted that "where the statute permits a tender after action brought … such tender does not bar the further prosecution of the action; nor is it a defense to the action." *Id*., citing 86 C.J.S. Tender §50, p. 581. *First Federal* has been cited approvingly by the Ninth Circuit, which stated that "a tender (as distinguished from payment) was not effectual to moot the case" and that the "possibility of a continuing recurrence of the problem was sufficient to entitle the taxpayer to have the underlying legal issue determined." *Church of Scientology v. United States*, 485 F.2d 313, 318 (9th Cir. 1973).

As discussed above, neither Rule 67, nor common law – and certainly not the Supreme Court ruling in this case – provides a vehicle for Campbell-Ewald to "tender" payment against Mr. Gomez's will and end this litigation. For these additional reasons, Campbell-Ewald's Motions should be denied.

### III. CONCLUSION

For the reasons set forth above, Campbell-Ewald's *Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Entry of Judgment* should be denied, and likewise its *Motion for Leave to Deposit Funds with the Court* should also be denied.

Dated: April 22, 2016

By: /s/ Michael J. McMorrow
       Michael J. McMorrow

Michael J. McMorrow (*pro hac vice*)
mike@mjmcmorrow.com
MCMORROW LAW, P.C.
One North LaSalle Street, 44th Fl.

|   |   |
|---|---|
| 1 | Chicago, IL 60602 |
|   | Tel: (312) 265-0708 |
| 2 |   |
| 3 | Evan M. Meyers (*pro hac vice*) |
|   | emeyers@mcgpc.com |
| 4 | Paul T. Geske (*pro hac vice*) |
|   | pgeske@mcgpc.com |
| 5 | MCGUIRE LAW, P.C. |
| 6 | 55 West Wacker Drive, 9th Fl. |
|   | Chicago, Illinois 60601 |
| 7 | Tel: (312) 893-7002 |
| 8 |   |
| 9 | David C. Parisi (SBN 162248) |
|   | dcparisi@parisihavens.com |
| 10 | Suzanne Havens Beckman (SBN |
|   | 188814) |
| 11 | shavens@parisihavens.com |
| 12 | PARISI & HAVENS LLP |
|   | 212 Marine Street, Ste. 100 |
| 13 | Santa Monica, CA 90405 |
| 14 | Tel: (818) 990-1299 |
| 15 |   |
|   | *Attorneys for Plaintiff Jose Gomez* |
| 16 | *and the putative class* |

**CERTIFICATE OF SERVICE**

I, Michael J. McMorrow, an attorney, certify that on April 22, 2016, I served the above and foregoing ***Plaintiff's Combined Response to Campbell-Ewald's Motion to Dismiss or For Entry of Judgment and to Campbell-Ewald's Motion for Leave to Deposit Funds With the Court*** by causing true and accurate copies of such paper to be filed and transmitted to the persons registered to receive such notice via the Court's CM/ECF electronic filing system.

                                                /s/ Michael J. McMorrow